UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME ASCOT, LP, | No. 2:16-cv-01785-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| DEONTE JONES, et. al, | |
| Defendants. | |

The issue in this case is unlawful detainer, with an amount in controversy of less than $10,000. *See* ECF No. 1. Defendants Jimmie Hayes and Deonte Jones filed a motion to proceed in forma pauperis. ECF No. 2.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If at any time

1

1  before final judgment it appears that the district court lacks subject matter jurisdiction, the case
2  shall be remanded." 28 U.S.C. § 1447(c).
3       Here, the court finds the case should be remanded to Solano County Superior
4  Court.  Because the amount in controversy is less than $75,000, and the main issue turns on state
5  law, removal is improper because this court does not have subject matter jurisdiction under 28
6  U.S.C. §§ 1331 and 1441.
7       This case is remanded to Sacramento County Superior Court.  Defendants' IFP
8  motion is DENIED as MOOT.
9       This resolves ECF Nos. 1 and 2.
10       IT IS SO ORDERED.
11  DATED: August 16, 2016

UNITED STATES DISTRICT JUDGE

2